**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ROMAN DEL BOSQUE and RUDEL DEL BOSQUE,<br>       Plaintiffs, | § | |
| | | |
| V. | § | CIVIL ACTION NO. 4:16-cv-0739 |
| | | |
| QUINN'S RENTAL SERVICES (USA), LLC, F/K/A QUINN'S ENERGY SERVICES, LLC, F/K/A LEE SPECIALTIES (USA), LLC, JAMES R. LEE, DOUG QUINN, and STEVE VAN TETERING,<br>       Defendants. | §<br><br><br><br><br><br>§ | <br><br><br><br><br><br>JURY DEMANDED |

**PLAINTIFFS' ORIGINAL COMPLAINT**

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Roman Del Bosque, and Rudel Del Bosque ("Plaintiffs").

**Parties**

1.      Plaintiffs Roman Del Bosque ("Roman"), and Rudel Del Bosque ("Rudel") former employees of Defendants, were personally engaged in interstate commerce during their employment with the Defendants, and are represented by the undersigned.

2.      Defendant, Quinn's Rental Services (USA), LLC ("Quinn's"), f/k/a Quinn's Energy Services, LLC, f/k/a Lee Specialties (USA), LLC, is a Texas limited liability company and is an "employer" as that term is defined by the FLSA.  With respect to Plaintiffs and Members of the Class, Quinn's is subject to the provisions of the FLSA.  Quinn's was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00.  Quinn's may be served through its registered agent, James M. Alsup at 300 Marienfield, Suite 700, Midland, Texas 79701 or wherever he may be found.

3.      Defendant James R. Lee is an individual who was an "employer" as that term is defined by the FLSA because he acted on behalf of Quinn's in setting the terms of wages and hours throughout the companies, and running them on a day to day basis.  Mr. Lee worked as part of the enterprise engaged in interstate commerce as defined by 29 U.S.C. § § 203(r) and (s). Mr. Lee may be served with process at 5119 Hiltonview Drive, Houston, Texas 77086 or wherever he may be found.

4.      Defendant Doug Quinn is an individual who was an "employer" as that term is defined by the FLSA because he acted on behalf of Quinn's in setting the terms of wages and hours throughout the companies, and running them on a day to day basis.  Mr. Quinn worked as part of the enterprise engaged in interstate commerce as defined by 29 U.S.C. § § 203(r) and (s). Mr. Quinn may be served with process at 5119 Hiltonview Drive, Houston, Texas 77086 or wherever he may be found.

5.      Defendant Steve Van Tetering is an individual who was an "employer" as that term is defined by the FLSA because he acted on behalf of Quinn's in setting the terms of wages and hours throughout the companies, and running them on a day to day basis.  Mr. Tetering worked as part of the enterprise engaged in interstate commerce as defined by 29 U.S.C. § § 203(r) and (s).  Mr. Tetering may be served with process at 5119 Hiltonview Drive, Houston, Texas 77086 or wherever he may be found.

**Jurisdiction and Venue**

6.      This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiffs transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.  At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.  At all times pertinent to this Complaint, Defendants regularly owned and operated a business

engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).  Additionally, Plaintiffs were individually engaged in commerce and their work was essential to Defendants' business.  Specifically, Plaintiffs traveled on interstate highways in the performance of their duties, used interstate communications and traveled to other states in the performance of their duties.  Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiffs transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district.   Upon information and belief, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

## Factual Allegations

7.      Plaintiff Roman Del Bosque worked for Defendants as a Senior Operator/Field Service worker from May of 2013 until February 10, 2016.  Roman's duties included, but were not limited to, maintaining and servicing oil and gas production facilities, overseeing the testing and monitoring of wells, pumps, storage facilities and other pressure control equipment. Plaintiff was provided with all of the necessary tools, as well as the instructions needed to fulfill his job duties.  During his tenure with Quinn's, Roman was paid on the basis of a salary plus a non-discretionary daily bonus, as well on an hourly basis with non-discretionary bonuses. Despite the fact that he regularly worked in excess of 40 hours per week, Roman was not paid an overtime premium when he was a salaried employee, and once he became an hourly employee, was not paid an overtime premium on the non-discretionary bonus portion of his compensation.

8.      Plaintiff Rudel Del Bosque has worked for Defendants as a Senior Operator/Field Service worker from May of 2013 until the present time.  Rudel's duties included, but were not limited to, maintaining and servicing oil and gas production facilities, overseeing the testing and monitoring of wells, pumps, storage facilities and other pressure control equipment.   Plaintiff was provided with all of the necessary tools, as well as the instructions needed to fulfill his job duties.  During his tenure with Quinn's, Rudel was paid on the basis of a salary plus a non-

discretionary daily bonus, as well on an hourly basis with non-discretionary bonuses.  Despite the fact that he regularly worked in excess of 40 hours per week, Rudel was not paid an overtime premium when he was a salaried employee, and once he became an hourly employee, was not paid an overtime premium on the non-discretionary bonus portion of his compensation.

9.      At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiffs' regular and overtime work.  Plaintiffs were not "exempt" employees.

10.     Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

11.     Defendants' actions were willful and in blatant disregard for Plaintiffs' federally protected rights.

### Plaintiffs' Individual Allegations

12.     As non-exempt employees, Plaintiffs were entitled to be paid their regular wages and to be paid an overtime premium for all work performed during the hours worked over forty (40) hours in each workweek.  Defendants failed to pay the Plaintiffs the required overtime premium in every workweek that the Plaintiffs were employed by Defendants and worked in excess of 40 hours.  Defendants paid Plaintiffs a salary and later on an hourly basis, plus non-discretionary bonuses, but did not pay the required overtime premium for hours in excess of 40 per workweek.

13.     No exemption excuses the Defendants from paying Plaintiffs for all time spent and work performed during the hours they worked, and the Defendants has not made a good faith effort to comply with the FLSA.  As such, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Plaintiffs.  Such practice was and is a clear violation of the FLSA.

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

14.     Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiffs for work performed in the employ of the Defendants.

15.     Plaintiffs have suffered damages as a direct result of Defendants' illegal actions.

16.     Defendants are liable to Plaintiffs for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Demand for Jury

17.     Plaintiffs demand a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiffs demand:

1.     Judgment against Defendants for an amount equal to Plaintiffs' unpaid overtime wages at the applicable rate;
2.     An equal amount to the overtime wage damages as liquidated damages;
3.     Judgment against Defendants that its violations of the FLSA were willful;
4.     To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5.     All costs and attorney's fees incurred prosecuting these claims; and
6.     For such further relief as the Court deems just and equitable.

Respectfully Submitted,

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
Vijay A. Pattisapu
TBA No. 24083633
2030 North Loop West, Suite 120
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
jbuenker@buenkerlaw.com
vijay@buenkerlaw.com
**ATTORNEYS FOR PLAINTIFFS**